IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| JOHN J. MOSER, | ) |
|       Plaintiff, | ) |
| v. | )  Civil Action Number |
| TRANSUNION, LLC, | )  _____ |
|       Defendant. | ) |

## COMPLAINT

COMES NOW the plaintiff, JOHN J. MOSER, by and through his undersigned counsel, and for his complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. (Fair Credit Reporting Act).

### JURISDICTION & VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

4. Plaintiff is resident of the state of Alabama and resides within this judicial district.

5. Plaintiff is a "consumer" as defined by §1681a(c).

6. TransUnion, LLC is ("Defendant") is a Delaware corporation with its principal place of business in the state of Illinois. Defendant does business in this judicial district. Defendant is a nationwide consumer reporting agency ("CRA") as defined by §1681a(f).

7. Defendant regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by §1681a(f) to third parties.

8. Defendant disburses consumer reports to third parties of contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Defendant has been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties.

10. The derogatory and inaccurate information includes, but is not limited to account ownership, past due payment history and balanced owed concerning the trade line identified as CHASE/BANK ONE CARD SERV and with the account number 8900 (hereinafter "the Account").

11. The Account negatively reflects on Plaintiff, his credit repayment history, financial responsibility as a debtor and his credit worthiness.

12. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information. Defendant has disseminated consumer reports to various persons and credit grantors, which included the Account.

13. Plaintiff disputed the Account to Defendant.

14. Thereafter, Defendant sent Plaintiff written communications indicating its intent to continue publish and disseminate the derogatory Account information.

15. At all times relevant hereto, Defendant published and disseminated consumer reports concerning or relating to the plaintiff's personal identifiers to third parties. At least one of those consumer reports included the Account made the basis of his disputes to Defendant.

16. Defendant did not request additional information from the plaintiff concerning the Account.

17. Defendant did not contact third parties that would have relevant information concerning Plaintiff's disputes.

18. Other than an Automated Dispute Verification form ("ACDV"), Defendant did not request or obtain any documents, including business records,

credit applications, proof of payment, correspondence between the furnisher of the Account and Plaintiff, or other relevant documents from the furnisher of the Account.

19. Defendant failed to perform reasonable reinvestigations of Plaintiff's disputes.

20. Defendant failed to remove or suppress the disputed information.

21. Defendant failed to note the disputed status of the Account.

22. Defendant has continued to report the Account as past due and with a balanced owing.

23. The Account is being reported with a derogatory status.

24. Defendant's conduct proximately caused Plaintiff's injuries, including but not limited to: harm to credit reputation; denial of credit; reduction in credit limits, reduction in cash limits, harm to his credit score; emotional distress; mental anguish; and out-of-pocket expenses.

25. At all times relevant hereto, Defendant was acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the Defendant.

26. At all times relevant hereto, Defendant's conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT

27. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

28. Defendant is liable to Plaintiff for willfully and negligently failing to comply with §1681i, pursuant to §§1681n and o.

29. Defendant violated §1681i on multiple occasions by failing to: delete disputed information from Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to the furnisher of the Account; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

30. Defendant's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

31. Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

32. Wherefore, Plaintiff seeks judgment in his favor against Defendant, based on the following relief requested:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive Damages;

    (d)    Costs and reasonable attorneys' fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

## COUNT TWO - VIOLATION OF THE FAIR CREDIT REPORTING ACT

33. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

34. Defendant is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act §1681e, pursuant to §§1681n and o.

35. Defendant violated §1681e by failing to establish or follow, or both, reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

36. Defendant's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

37. Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

38. Wherefore, Plaintiff seeks judgment in his favor against Defendant, based on the following relief requested:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive Damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

39. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**s/ Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
BURKE, HARVEY & FRANKOWSKI, LLC
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
Telephone:  205.747.1907
Facsimile:  205.930-9054
Email:       madkins@bhflegal.com